J-S54029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN EDWARD BOYER | |
| Appellant | No. 147 MDA 2014 |

Appeal from the PCRA Order January 21, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002326-2012

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 16, 2014**

Appellant, Brian Edward Boyer, appeals *pro se* from the January 21, 2014 order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the factual and procedural background of this case as follows.  On June 8, 2012, the Commonwealth filed an information charging Appellant with 17 counts of sexual abuse of children.[1]  On January 16, 2013, Appellant entered into a negotiated guilty plea for one count of sexual abuse of children.  Pursuant to said agreement, the same day, the trial court imposed a sentence of 18 months to five years' imprisonment and the

---

[1] 18 Pa.C.S.A. § 6312(d)(1).

remaining 16 counts were dismissed. Appellant did not file a post-sentence motion with the trial court, nor did he file a direct appeal with this Court.

On May 7, 2013, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel. After several extensions, on October 30, 2013, PCRA counsel filed a petition to withdraw as counsel along with a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. On December 20, 2013, the PCRA court entered an order notifying Appellant of its intent to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907, and granted PCRA counsel's petition to withdraw. Appellant did not file any response. The PCRA court entered a final order dismissing Appellant's PCRA petition without a hearing on January 21, 2014. On January 21, 2014, Appellant filed a timely *pro se* notice of appeal.[2] On January 27, 2014, Appellant filed a timely amended *pro se* notice of appeal.[3]

---

[2] Appellant's notice of appeal was docketed on January 22, 2014. We note, however, that the certified record contains the envelope in which Appellant mailed the motion, which is postmarked January 21, 2014. Under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012). Therefore, we treat January 21, 2014 as the filing date.

[3] Appellant's amended notice of appeal is docketed on January 30, 2014; however, the certified record contains the postmark bearing the date of
*(Footnote Continued Next Page)*

On appeal, Appellant raises four issues for our review.

1. Was Appellant's guilty plea entered in an involuntary and unknowing manner?

2. Was [] Appellant's guilty plea induced by the coercive tactics of his trial counsel?

3. Was trial counsel ineffective for failing to move for withdrawal of [] Appellant's guilty plea when requested to do so?

4. Was trial counsel ineffective for failing to properly investigate, subpoena police and parole records concerning issues related to the search and interview of Jeff Fink as a possible alternative suspect and/or witness and subpoena potential witnesses and investigate [] Appellant's alibi?

Appellant's Brief at 2.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled

(Footnote Continued) ─────────────

January 27, 2014. Therefore, pursuant to the prisoner mailbox rule we treat January 27, 2014 as the filing date. *See Chambers*, *supra*. We also note that Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

- 3 -

that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

The Sixth Amendment to the Federal Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[4] U.S. Const. amend. vi. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel. **See generally Strickland v. Washington**, 466 U.S. 668, 686; **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." **Fears**, **supra** at 804 (brackets in original; citation omitted). To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the

_____

[4] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …." Pa. Const. art. I, § 9. Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment. **Pierce**, **supra** at 976.

petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." ***Commonwealth v. Simpson***, 66 A.3d 253, 260 (Pa. 2013). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." ***Commonwealth v. Elliott***, 80 A.3d 415, 427 (Pa. 2013) (citation omitted).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." ***Roney***, ***supra*** at 605 (citation omitted).

We elect to address Appellant's first, second, and fourth issues together. In his first two issues, Appellant avers that his guilty plea was not knowing and involuntary and that this was the result of allegedly "coercive" tactics of counsel. Appellant's Brief at 8. In Appellant's view, these tactics included the following.

> Appellant repeatedly contacted counsel and requested that she perform services on his behalf that would actually form a valid defense at trial. Included in these requests were (1) subpoenaing police and parole records; (2) establishing a chain of custody on the cell phone in which the pornographic pictures were found; (3) interviewing Jeff Fink … to establish an illegal search and seizure argument, as well as determining whether or not he possessed the cell phone prior to it's [sic] being turned over to the parole authorities; (4) failing to obtain prior statements made by Debra Mohring to use as impeachment to her testimony; (5) failing to interview Carol Boyer as a potential defense witness; and (6) failing to investigate [Appellant]'s alibi.

*Id.* at 9-10. In his fourth issue, Appellant avers that counsel was ineffective for not performing some of the above-listed tasks at Appellant's request.

> Appellant made voluminous requests for [counsel] to contact him concerning a trial strategy, specifically, to seek certain parole and police records that would have proven that Jeff Fink, [] Appellant's landlord, had a prior conviction for invasion of privacy, and did in fact possess the cell phone in question prior to it being discovered with child pornography on it. Further, [] Appellant sought for [counsel] to subpoena certain witnesses that would have cast doubt on the veracity of the Commonwealth's main witness, Debra Mohring.

*Id.* at 13.

- 6 -

In order to be eligible for relief under the PCRA, the statute requires the petitioner to show the following by a preponderance of the evidence.

> **§ 9543. Eligibility for relief**
>
> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> …
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> >
> > (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> >
> > (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> …
>
> (3) That the allegation of error has not been previously litigated or waived.
>
> …

42 Pa.C.S.A. § 9543(a). An issue is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b). It is also axiomatic that when a defendant pleads guilty he or she "waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa. Super. 2014) (citation omitted).

In the case *sub judice*, Appellant did not file a direct appeal in this Court after his guilty plea was entered and his sentence imposed. Appellant could have raised the issue of the voluntariness of his plea directly in such an appeal, but he did not. Therefore, the issue is waived under the parameters of the PCRA. *See* 42 Pa.C.S.A. §§ 9543(a), 9544(b); *accord Commonwealth v. Rachak*, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013). Therefore, Appellant's first issue does not warrant relief.

Appellant's second issue regarding counsel's allegedly "coercive" tactics is more properly viewed as a claim that counsel was ineffective for not performing those tasks. *See* Appellant's Brief at 8-10 (analyzing claim under the ineffective assistance of counsel rubric). As noted above, Appellant's fourth issue also raises ineffective assistance of counsel claims. *Id.* at 13-14.

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014) (citation omitted), *appeal denied*, --- A.3d ---, 95 WAL 2014 (Pa. 2014).

In addition, we note "[a] defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citations omitted; brackets in original), *appeal denied*, 63 A.3d 773 (Pa. 2013).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. … A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (citations omitted; brackets in original), *appeal denied*, 940 A.2d 365 (Pa. 2007); *see also Brown*, *supra*.

In this case, when Appellant entered his guilty plea, the trial court engaged in a plea colloquy as required by Pennsylvania Rule of Criminal Procedure 590. *See generally* N.T., 1/16/13, at 2-5; Pa.R.Crim.P. 590, cmt.; *Commonwealth v. Prendes*, --- A.3d ---, 2014 WL 3586262, *10 (Pa. Super. 2014) (stating, "[u]nder Rule 590, the court should confirm … that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea[]"). Among the questions asked of Appellant was whether he was "satisfied with [his] lawyer[.]" *Id.* at 3. Appellant answered this question in the affirmative. *Id.* As a result, Appellant cannot now claim that he was not satisfied with counsel's performance insofar that counsel failed to perform all of these tasks that "coerced" him into pleading guilty. *See Brown*, *supra* (rejecting plea counsel ineffectiveness claim where "[Brown] felt coerced, at the time of his plea hearing, to enter a guilty plea[, but] … at that hearing, [he] testified that it was his decision to plead guilty, **and that he was satisfied with the representation provided by counsel**[]") (emphasis

added). Therefore, Appellant is not entitled to relief on his second and fourth issues.

We now turn to Appellant's third issue, in which he argues that counsel was ineffective for not filing a motion to withdraw his guilty plea when being asked to do so. Appellant's Brief at 11. Appellant claims that he wrote a letter to counsel on February 1, 2013 asking her to file a motion to withdraw a guilty plea. *Id.* at 11. The letter, in relevant part, asks counsel "[c]an I withdraw my guilty plea?" Appellant's Brief at Exhibit B.[5]

Pennsylvania Rule of Criminal Procedure 720 states, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A). This includes claims pertaining to "the validity of a plea of guilty[.]" *Id.* at 720(B)(1). In this case, Appellant was sentenced on January 16, 2013. As a result, any post-sentence motion requesting that Appellant be permitted to withdraw his guilty plea was required to be filed by January 28, 2013.[6] Appellant did not make any other request for counsel to file a motion to withdraw his guilty plea. Therefore,

_____

[5] We note that this letter does not appear in the certified record, nor is there any indication that this letter was mailed to counsel, much less received by counsel. However, even assuming *arguendo* that it was, for the reasons discussed *infra*, it would not entitle Appellant to relief.

[6] We note that the tenth day, January 26, 2013, was a Saturday. It is axiomatic that when calculating a filing period, weekends are excluded from this computation. 1 Pa.C.S.A. § 1908. Therefore, Appellant had until Monday, January 28, 2013 to timely file his post-sentence motion.

even construing Appellant's February 1, 2013 letter to counsel as a request to file a motion to withdraw his guilty plea, the filing period for such a motion had already expired. ***See id.*** at 720(A). It is axiomatic that counsel cannot be ineffective for failing to raise an issue that cannot be addressed by the trial court. ***See, e.g.***, ***Fears***, ***supra*** (stating, "counsel cannot be deemed ineffective for failing to raise a meritless claim[]") (citation omitted). As a result, Appellant's claim lacks arguable merit, and the PCRA court properly refused to grant relief. ***See Simpson***, ***supra***.

Based on the foregoing, we conclude all of Appellant's issues on appeal are waived or devoid of merit. We further conclude the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without a hearing. ***See Roney***, ***supra***. Accordingly, the PCRA court's January 21, 2014 order is affirmed.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2014

- 12 -