**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**John Patrick BARBARO, Appellant.**

Superior Court of Pennsylvania.

Submitted March 17, 2014.

Filed June 11, 2014.

Kristin L. Rice, Gettysburg, for appellant.

Robert A. Bain, II, Assistant District Attorney, Gettysburg, for Commonwealth, appellee.

BEFORE: PANELLA, DONOHUE and MUNDY, JJ.

OPINION BY DONOHUE, J.:

Appellant, John Patrick Barbaro ("Barbaro"), appeals from the judgment of sentence entered on August 8, 2013 by the Court of Common Pleas, Adams County, Criminal Division, following his guilty plea to charges of theft by deception and conspiracy to commit theft by deception.[1] Barbaro challenges the trial court's ruling that he is ineligible for sentencing pursuant to the Recidivism Risk Reduction Incentive Act, 61 Pa.C.S.A. §§ 4501, *et seq.*, ("the RRRI Act"). After consideration of the arguments of the parties and our review of the record, the opinion of the trial court and relevant case law, we affirm.

The trial court aptly summarized the facts and procedural history in this case as follows:

[Barbaro] was charged by Criminal Complaint filed January 5, 2011 with theft by deception as a felony of the third degree, conspiracy to commit theft by deception as a felony of the third degree, conspiracy to issue bad checks as a misdemeanor of the first degree, [18 Pa.C.S.A. § 903(a),] and approximately 80 counts of issuing bad checks[,] [18 Pa.C.S.A. § 4105]. That same date, an arrest warrant was issued for [Barbaro]'s arrest. On May 15, 2013, [Barbaro] was produced before a magisterial district judge and committed to the Adams County Prison on bail in the amount of $2,500. [Barbaro] was produced for arraignment on June 14, 2013. On August 5, 2013, he appeared before the Court and entered counseled pleas of guilty to theft by deception as a felony of the third degree and conspiracy to commit theft[,] also graded as a felony of the third degree. Pursuant to a negotiated plea agreement which was accepted by the Court, [Barbaro] was sentenced on the theft charge to serve no less than three years nor more than seven years in a state correctional institution followed by a consecutive three year probationary sentence imposed on the conspiracy conviction. [Barbaro] was determined to be ineligible for the Recidivism Risk Reduction Incentive (RRRI), 61 Pa.C.S.A. § 4503, due to prior convictions for arson in the third degree and attempted arson in the third degree in the state of New York. On August 15, 2013, [Barbaro] filed a Post[-]Sentence Motion challenging his ineligibility for RRRI. That motion was denied without hearing by Order dated August 20, 2013. [ ... ]

---

1. 18 Pa.C.S.A. §§ 3922(a), 903(a).

Trial Court Opinion, 11/7/13, at 1–2 (footnotes omitted).

After the trial court denied Barbaro's untimely motion for reconsideration on September 9, 2013, he filed this appeal on September 16, 2013. On appeal, Barbaro raises the following issue for our review: [2]

1. Was it an error or law to deny [Barbaro]'s Post–Sentence Motion to determine him RRRI-eligible in spite of prior convictions in New York State for arson and attempted arson in the third degree?

Barbaro contends that the trial court committed an error of law when it denied his post-sentence motion to classify him as RRRI eligible based on his prior arson conviction in New York. Barbaro's Brief at 9–14. Barbaro argues that his previous conviction in New York for arson in the third degree, N.Y. Penal Law § 150.10, should not exclude him from the RRRI program because the crime of arson in the third degree in New York is a non-violent crime. *Id.* at 9–10. Accordingly, Barbaro asserts that to deny him RRRI eligibility would frustrate the legislative intent of enacting the RRRI program, which was to ensure that non-violent offenders receive the appropriate punishment for their crimes and participate in the non-recidivist sentencing program. *Id.* at 10, 13.

This issue presents a question of statutory construction and implicates the legality of the sentence imposed. Therefore, our standard of review is *de novo* and the scope of our review is plenary. *Common-*

*wealth v. Northrip,* 603 Pa. 544, 985 A.2d 734, 736 (2009) (citations omitted).

The RRRI Act

> seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S.A. § 4502; *see Commonwealth v. Gonzalez,* 10 A.3d 1260, 1262 (Pa.Super.2010), *appeal denied,* 610 Pa. 616, 21 A.3d 1190 (2011). Under the RRRI Act:

> (1) ... a sentencing court *must* designate a sentence as an RRRI sentence whenever the defendant is eligible for that designation, and (2) ... a defendant is eligible for that designation if he has not been previously convicted of certain enumerated offenses and "[d]oes not demonstrate a history of present or past violent behavior."

*Gonzalez,* 10 A.3d at 1262 (quoting 61 Pa.C.S.A. § 4503; footnote omitted; emphasis in original). Therefore, the RRRI Act requires the sentencing court to determine whether the defendant is an "eligible offender." 61 Pa.C.S.A. § 4505(a). The RRRI Act defines an "eligible offender," in part, as:

> **"Eligible Offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of

---

**2.** Barbaro also asks us to determine whether, as a result of entering into negotiated pleas of guilty to theft by deception, he waived claims related to the trial court's alleged errors in denying his motion to discharge plea counsel (also appellate counsel), his motion to continue trial, his request for a change of venue, and the trial court's determination that the Commonwealth did not violate Pa.R.Crim.P. 600. Barbaro's Brief at 4.

We conclude that Barbaro has waived these arguments. "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones,* 593 Pa. 295, 929 A.2d 205, 212 (2007).

the department and who meets all of the following eligibility requirements:

\* \* \*

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a *personal injury crime* as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), [18 P.S. § 11.103,] known as the Crime Victims Act, or an *equivalent offense* under the laws of the United States or one of its territories or possessions, *another state,* the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

\* \* \*

61 Pa.C.S.A. § 4503 (emphasis added; footnotes omitted).

The Crime Victims Act defines "personal injury crimes" as follows:

"Personal injury crime." An act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following:

18 Pa.C.S. Ch. 25 (relating to criminal homicide).

18 Pa.C.S. Ch. 27 (relating to assault).

18 Pa.C.S. Ch. 29 (relating to kidnapping).

18 Pa.C.S. Ch. 31 (relating to sexual offenses).

*18 Pa.C.S. § 3301 (relating to arson and related offenses).*

18 Pa.C.S. Ch. 37 (relating to robbery).

18 Pa.C.S. Ch. 49 Subch. B (relating to victim and witness intimidation).

30 Pa.C.S. § 5502.1 (relating to homicide by watercraft while operating under influence).

The former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance) in cases involving bodily injury.

75 Pa.C.S. § 3732 (relating to homicide by vehicle).

75 Pa.C.S. § 3735 (relating to homicide by vehicle while driving under influence).

75 Pa.C.S. § 3735.1 (relating to aggravated assault by vehicle while driving under the influence).

75 Pa.C.S. § 3742 (relating to accidents involving death or personal injury).

75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) in cases involving bodily injury.

The term includes violations of any protective order issued as a result of an act related to domestic violence.

18 P.S. § 11.103 (emphasis added).

In this case, the trial court ruled that Barbaro was not RRRI eligible because of his prior conviction for arson in the third degree in New York. Trial Court Opinion, 11/7/13, at 5–7. The New York statute defining the crime of arson in the third degree provides as follows:

1. A person is guilty of arson in the third degree when he intentionally damages a building or motor vehicle by starting a fire or causing an explosion.

2. In any prosecution under this section, it is an affirmative defense that (a) no person other than the defendant had a possessory or proprietary interest in the building or motor vehicle, or if other persons had such interests, all of them consented to the defendant's conduct, and (b) the defendant's sole intent was to destroy or damage the building or motor vehicle for a lawful and proper purpose, and (c) the defendant had no reasonable ground to believe that his conduct might endanger the life or safe-

ty of another person or damage another building or motor vehicle.

N.Y. Penal Law § 150.10. The trial court found that this statute constituted the "equivalent offense" to Pennsylvania's arson statute, in particular, the crime of arson endangering property, 18 Pa.C.S.A. § 3301(c). Trial Court Opinion, 11/7/13, at 6–7. Section 3301(c) provides:

**(c) Arson endangering property.**—A person commits a felony of the second degree if he intentionally starts a fire or causes an explosion, whether on his own property or that of another, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, and if:

**(1) he commits the act with intent of destroying or damaging a building or unoccupied structure of another;**

(2) he thereby recklessly places an inhabited building or occupied structure of another in danger of damage or destruction; or

(3) he commits the act with intent of destroying or damaging any property,

whether his own or of another, to collect insurance for such loss.

18 Pa.C.S.A. § 3301(c) (emphasis added).

While no Pennsylvania court has addressed whether New York's crime of arson in the third degree is an "equivalent offense" under the RRRI Act to Pennsylvania's crime of arson endangering property (section 3301(c)), our Supreme Court has addressed a closely related issue—namely, whether New York's crime of arson in the third degree was an "equivalent crime" to Pennsylvania's crime of arson endangering persons, 18 Pa.C.S.A. § 3301(a), within the context of Pennsylvania's Three Strikes Law, 42 Pa.C.S.A. § 9714. *See Commonwealth v. Northrip*, 603 Pa. 544, 985 A.2d 734, 736–42 (2009). In *Northrip*, the Supreme Court used a test that it had previously applied in *Commonwealth v. Shaw*, 560 Pa. 296, 744 A.2d 739, 743 (2000)[3] to determine whether New York's crime of arson in the third degree was an "equivalent crime" to the Pennsylvania crime of arson endangering persons (section 3301(a)) under the Three

---

**3.** The Supreme Court in *Shaw* considered whether a defendant's prior conviction under New York's Driving While Ability Impaired ("DWAI") statute, N.Y. Veh. & Traf. Law § 1192(1), was an "equivalent offense" to Pennsylvania's now repealed DUI statute, 75 Pa.C.S.A. § 3731(e) (repealed by 2003, Sept. 30, P.L. 120, No. 24, § 14, effective February 1, 2004), in order to determine whether Shaw's New York state conviction of DWAI should count as a prior DUI conviction for purposes of determining his mandatory minimum sentence pursuant to the now repealed section 3731(e)(1). *Shaw*, 744 A.2d at 741–45. The *Shaw* test for determining whether an in-state crime is an "equivalent offense" to an out-of-state crime is as follows:

[A] sentencing court [must] carefully review the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability. Accordingly, the court may want to discern whether the crime is *malum in se* or *malum prohibitum*,

or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject matter sought to be protected by the statute, *e.g.*, protection of the person or protection of the property. It will also be necessary to examine the definition of the conduct or activity proscribed. In doing so, the court should identify the requisite elements of the crime—the *actus reus* and *mens rea*—which form the basis of liability.

Having identified these elements of the foreign offense, the court should next turn its attention to the Pennsylvania Crimes Code for the purpose of determining the equivalent Pennsylvania offense. An equivalent offense is that which is substantially identical in nature and definition [to] the out-of-state or federal offense when compared [to the] Pennsylvania offense.

*Id.* at 743. The Supreme Court derived its test in *Northrip* from this test. *See Northrip*, 985 A.2d at 740.

Strikes Law. *Id.* at 740. This test provides that,

> [i]n determining whether a foreign state's statute is equivalent to a Pennsylvania crime under Section 9714, we hold that the sentencing court is to apply the test this Court articulated in *Shaw.* Thus, **the court must consider the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability.** With respect to the underlying policy of the statutes, we hold that analysis of policy considerations is appropriate, though not controlling.

*Id.* (emphasis added; internal citations and quotations omitted). The Supreme Court emphasized that the focus must be on the crime and its elements, as opposed to the facts underlying the conviction by explaining as follows:

> This very specific and deliberate method of defining crimes of violence in Section 9714 demonstrates the Legislature's clear intent that ... the focus is on the crime for which the defendant was convicted, not the factual scenario underlying that crime. Section 9714 both directs and limits the sentencing court's inquiry. In keeping with the statute's mandate then, we must focus on the crime of arson and its elements, not the facts underlying Appellee's conviction.

*Id.* at 741 (footnote omitted).

Based on this analysis, the Supreme Court held that the New York crime of arson in the third degree was not an "equivalent crime" to Pennsylvania's crime of arson endangering persons (section 3301(a)). The Court found that although the laws appeared to have similar elements "the framework of the two statutory schemes reflects striking differences in terms of the 'classification of the conduct proscribed' and the 'subject matter sought

to be protected.'" *Id.* at 741 (quoting *Shaw,* 744 A.2d at 743). The Supreme Court explained that,

> First, the New York statute describes a third-degree felony; the Pennsylvania provision describes a felony of the first-degree. Moreover, the New York law focuses plainly on the protection of property. The Pennsylvania law decidedly does not. Significantly, the Pennsylvania subsection is titled 'arson endangering persons' and a different, separate subsection is titled 'arson endangering property.' 18 Pa.C.S. § 3301(c). Pennsylvania punishes, as a second-degree felony, the deliberate starting of a fire with the intent to destroy or damage a building or structure adapted for carrying on business. Likewise significant is the fact that New York's other arson statutes specifically address injury to persons and assign higher grades to those offenses.

*Id.* at 741–42.

We conclude that the test set forth in *Northrip* for determining the equivalence of crimes under the Three Strikes Law is the appropriate test to use for purposes of the RRRI Act. Applying the test to this case, we agree with the trial court and conclude that New York's crime of arson in the third degree and Pennsylvania's crime of arson endangering property, specifically section 3301(c)(1), are "equivalent offenses" for purposes of the RRRI Act. 61 Pa.C.S.A. §§ 4501, *et seq.* The laws have analogous elements as well as similarities in terms of the "classification of the conduct proscribed" and the "subject matter sought to be protected." *Id.* at 740. Both statutes punish a person for acting intentionally. *See* N.Y. Penal Law § 150.10; 18 Pa.C.S.A. § 3301(c)(1). Both statutes seek to punish the actor for starting a fire or causing an explosion. *See id.* Additionally, both statutes seek to protect property

from damage caused by fire or explosion. *See id.*

Furthermore, we note that "the offenses do not identically have to mirror each other but must be substantially equivalent[.]" *Commonwealth v. Ward,* 856 A.2d 1273, 1277 (Pa.Super.2004).[4] In this case, the differences between the two statutes are insignificant when compared to the similarities. For example, the New York statute for arson in the third degree punishes resultant damage to "a building or motor vehicle" while the Pennsylvania statute for arson endangering property punishes resultant damage to a "building or unoccupied structure of another." N.Y. Penal Law § 150.10; 18 Pa.C.S.A. § 3301(c)(1). Likewise, while both statutes are felonies, the New York crime of arson in the third degree is a class C felony[5] and the Pennsylvania crime of arson endangering property (section 3301(c)(1)) is a second-degree felony.[6] *Id.* Nevertheless, none of these differences overcome the fact that both the New York crime of arson in the third degree and the Pennsylvania crime of arson endangering property (section 3301(c)(1)) protect property from damage intentionally caused by fire or explosion. *See id.* In light of the substantial similarities and few material differences between these two statutes, we conclude that New York's crime of arson in the third degree and Pennsylvania's crime of arson endangering property (section 3301(c)(1)) are "equivalent offenses" for the purposes of the RRRI Act.

Barbaro argues, and the trial court found in the context of his New York conviction, that arson endangering property is a non-violent crime. Barbaro's Brief at 10–13; Trial Court Opinion, 11/7/13, at 6–7. As a result, Barbaro asserts that it would thwart the Legislature's intent in enacting the RRRI program to exclude someone based on his or her prior non-violent conviction. Barbaro's Brief at 10–13. However, to determine whether Barbaro is eligible for RRRI, we must determine if arson endangering property constitutes a personal injury crime as defined in section 11.103 of the Crime Victim's Act, mindful of our rules of statutory construction. This court has frequently stated that

> [w]e must give effect to the plain, unambiguous language as written by our Legislature. When the words of a statute are plain and unambiguous the rules of statutory construction do not permit courts to ignore the plain meaning of the words in a supposed pursuit of either its spirit or an unstated legislative intent.

*In re J.M.,* 42 A.3d 348, 354 (Pa.Super.2012) (internal citations omitted); 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."); *see also* 1 Pa.C.S.A. § 1928(b)(1) (requiring strict construction of criminal statutes).

Here, section 11.103 of the Crime Victim's Act defines those crimes constituting a "personal injury crime" by referencing the specific statutory citation for each crime. *See* 18 P.S. § 11.103. For example,

---

**4.** In *Ward,* this Court held that the offense underlying the appellant's New York robbery conviction was substantially equivalent to Pennsylvania's robbery offense within the context of Pennsylvania's Three Strikes Law. *Ward,* 856 A.2d at 1277.

**5.** The sentence range for a class C felony in New York is a minimum term of one year up to a maximum of 15 years. N.Y. Penal Law § 70.00(2)(c), (3)(b).

**6.** A person convicted of a second-degree felony in Pennsylvania may be sentenced to "a term which shall be fixed by the court at not more than ten years." 18 Pa.C.S.A. § 1103(2).

"18 Pa.C.S. § 3301 (relating to arson and related offenses)" is an enumerated offense. *Id.* Section 11.103 lists every other crime constituting a "personal injury crime" in the exact same manner. Thus, the plain language of section 11.103 shows that for every crime constituting a "personal injury crime," the focus is on the specific statutory section that triggered the conviction.

The specific delineation of the crime conceived by the Legislature to be a personal injury crime is 18 Pa.C.S.A. § 3301. Thus, every subsection of the crime is included within the definition of a "personal injury crime." There is no doubt that pursuant to section 11.103, the crime of arson endangering property as defined in 18 Pa. C.S.A. § 3301(c)(1) constitutes a "personal injury crime." As a result, any person with a prior conviction for arson endangering property (section 3301(c)(1)), or the "equivalent offense" in another state, has a committed a "personal injury crime" and is not RRRI eligible. *See* 61 Pa.C.S.A. § 4503; 18 P.S. § 11.103.

We note that the inclusion of 18 Pa. C.S.A. § 3301 in the category of personal injury crimes as defined in section 11.103 of the Crime Victim's Act is an anomaly. All of the other listed crimes involve either death, personal injury or the threat of personal injury. *See id.* and pp. 391–92, *supra.* With regard to this case and as noted, section 3301(c)(1) does not define a crime that involves death, personal injury or its threat. Likewise, section 3301(c)(3), which defines the crime of arson for the purpose of collecting insurance proceeds, does not require the involvement of a per-

sonal injury. *See* 18 Pa.C.S.A. § 3301(c)(3). The only subsection of section 3301(c) that defines a crime that involves the potential threat of personal injury is section 3301(c)(2) (recklessly placing an inhabited building or occupied structure of another in danger of damage or destruction). *See* 18 Pa.C.S.A. § 3301(c)(2). As a result, Barbaro may be correct in his assertion that given his conviction of a Pennsylvania equivalent of a non-violent crime in New York and his theft by deception conviction at issue here, "[h]e is the model of the intended participant of the RRRI-program." Barbaro's Brief at 14. Nevertheless, this cannot change the outcome of this case. If the legislature intended to only include subsection (c)(2) of section 3301 in section 11.103's definition of a "personal injury crime," it could have done so.[7] We cannot assume it was an oversight or mistake not to do so. Section 11.103 is unambiguous on its face.

Because we have found that New York's crime of arson in the third degree is an "equivalent offense" to Pennsylvania's crime of arson endangering property (section 3301(c)(1)), Barbaro has a prior conviction for a "personal injury crime" through an "equivalent offense" in another state. Based on the foregoing, the trial court correctly concluded that Barbaro was not RRRI eligible. We therefore affirm.

Judgment of sentence affirmed.

---

7. In two of the listed crimes delineated as personal injury crimes in the Crime Victim's Act, the Legislature specifically included the phrase "in cases involving bodily injury" in those instances where death, personal injury or threat of personal injury is not an inherent consequence of the crime. *See* 18 P.S. § 11.103 (listing "[t]he former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance) in cases involving bodily injury" and "75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) in cases involving bodily injury").