J. S50012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JASON SEAN EVANS, | : | No. 1836 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 22, 2013,
in the Court of Common Pleas of Washington County
Criminal Division at Nos. CP-63-CR-0000068-2009,
CP-63-CR-0001278-2009, CP-63-CR-0001564-2009,
CP-63-CR-0002458-2009, CP-63-CR-0002643-2009,
CP-63-CR-0002814-2009, CP-63-CR-0002815-2009,
CP-63-CR-0002816-2009, CP-63-CR-0002817-2009,
CP-63-CR-0002818-2009

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 6, 2014**

Appellant appeals the order denying relief pursuant to his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Finding no error, we affirm.

On October 5, 2010, appellant entered a plea of guilty to one count of robbery and nine counts of burglary at the above-listed ten criminal docket numbers. Appellant was thereafter sentenced to 8 to 20 years' imprisonment followed by 10 years' probation. The trial court opinion provides an accurate synopsis of the ensuing procedural history:

> The defendant was represented throughout the
> proceedings by Gary Graminski, Esq. The date of

the plea hearing and sentencing was October 5, 2010. The defendant filed an untimely *pro se Motion to Withdraw Guilty Plea* on October 21, 2010. (Docket 21). Gary Graminski, Esq., withdrew his appearance on December 1, 2010, and Daniel Chunko, Esq., entered his appearance that same day. (Docket 23). The defendant filed a *pro se Motion for Reconsideration of Sentence or to Alternatively Extend Deadlines to File Allowance of Appeal Under Pennsylvania's Post Conviction Relief Act* on January 18, 2011. On January 24, 2011, the Court ordered the Commonwealth to respond within twenty (20) days. (Docket 22).

On February 28, 2011, the post-sentence pro se motion filed on October 21, 2010, was denied by operation of law pursuant to Pa.R.Crim.P. 720B(3)c. (Docket 24). An *Order of Court* was issued on April 20, 2011, indicating that the Commonwealth had never responded to the *Order* dated January 24, 2011, and that the defendant had not appealed the February 28, 2011 Order. (Docket 25). The Court again ordered the Commonwealth to respond within twenty (20) days. The Commonwealth did not respond until June 10, 2011. (Dockets 26 & 27). The Court issued an *Order of Court* on June 13, 2011, and denied both of the defendant's motions. (Docket 28). It determined that no hearing or argument was required on the motions. The defendant, through counsel, filed a *PCRA Petition* on October 4, 2011, and alleged ineffective assistance of counsel, a plea of guilty unlawfully induced, and an improper sentence. (Docket 29). The defendant also filed *Defendant's Supplement to PCRA Petition* on July 30, 2012. (Docket 33). The Commonwealth filed its *Answer to Petition for Post Conviction Relief* on August 2, 2012, and the Court filed a *Notice of Intention to Dismiss PCRA Petition* on October 19, 2012. (Dockets 34 & 35). The defendant responded with a *pro se Proposed Dismissal Response* on October 25, 2012, and Daniel Chunko withdrew his appearance on November 15, 2012. (Dockets 36 & 38).

Judge Moschetta Bell dismissed the defendant's *PCRA Petition* without a hearing on November 19, 2012. (Docket 37). The defendant responded with a *Motion for Appointment of Counsel/Change of Venue/Re-Review of the Defendant's PCRA Petition and Amended Petition and Review of This Court's Order to Dismiss Defendant's PCRA Petition Without a Hearing* on December 8, 2012. (Docket 39).

This case was transferred to the undersigned on December 21, 2012, and Mary Bates, Esq., was appointed to represent the defendant on January 2, 2013. (Docket 40). She was given thirty (30) days to file an Amended Petition. Although never explicitly stated, this Court has effectively re-reviewed the defendant's *PCRA Petition* as the defendant requested. Attorney Bates filed a *Petition for Extension of Time to File Amended Petition* on January 28, 2013, and this Court granted a thirty (30) day extension. (Docket 41). Attorney Bates submitted to the Court on April 22, 2013, a *Petition to Withdraw as Counsel and for Extension of Time for Pro Se Defendant to File an Amended/Supplemental PCRA Petition*. (Dockets 43 & 47). Attached was a "Turner/Finley Letter," also known as a "No Merit Letter," indicating that the defendant's PCRA Petition is without merit. The defendant subsequently filed a *pro se Supplemental Addition to Amended Petition for Post Conviction Collateral Relief* on June 11, 2013. (Docket 44).

On July 2, 2013, this Court issued an Order and Notice notifying the defendant of this Court's intent to dismiss his PCRA Petition. (Docket 45). The Court also informed the defendant that pursuant to the Court in **Turner**, he must now proceed pro se, by privately retained counsel, or not at all. **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). This Court found that the grounds presented for challenge in the defendant's aforementioned petitions and responses were patently frivolous, not supported in law or in fact, and no genuine issues of material fact entitled the defendant to relief, and no

> purpose would have been served by any further proceeding. Accordingly, the PCRA Petition was denied on October 22, 2013. (Docket 48).
>
> The defendant filed this appeal on November 12, 2013. (Docket 50).

Trial court opinion, 1/15/14 at 7-9.[1]

In his rambling, sometimes incoherent, brief, appellant raises four issues on appeal, which we characterize as follows:

> 1. Whether appellant's plea was improperly induced by the Commonwealth's claim that he faced deadly weapon enhancements on several cases where the record showed that it was not true?

---

[1] We observe that on November 19, 2012, the PCRA court entered an order dismissing appellant's PCRA petition. The court did not revisit this matter until December 21, 2012, a time beyond thirty days of the dismissal order and where the court had no jurisdiction to further act. **See** 42 Pa.C.S.A. §5505. This appeal is untimely because the notice of appeal was not filed within thirty days of the November 19, 2012 order. Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A. Nonetheless we will not quash. We note that on November 19, 2012, the PCRA court also entered an order permitting appellant's counsel to withdraw. The order was based upon a petition by counsel averring that counsel had been contacted by appellant's brother who stated that appellant wanted counsel to withdraw and proceed on his own. We find that the PCRA court was obligated at that point to conduct a colloquy of appellant pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Because the court failed to do so, appellant was denied the assistance of counsel at a time when he had a right to counsel, may have desired counsel, and when his appellate rights were rapidly slipping away. We find that the PCRA court's inaction in this regard constituted a breakdown in the operation of the court. "Even when a party has filed an untimely notice of appeal, however, appellate courts may grant a party equitable relief in the form of an appeal **nunc pro tunc** in certain extraordinary circumstances [such as fraud or a breakdown in the operations of the court]. **Commonwealth v. Stock**, 545 Pa. 13, 679 A.2d 760, 763-64 (1996)." **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001). Consequently, we will review the merits of appellant's issues.

> 2. Whether trial counsel was ineffective for allowing appellant to plead guilty in light of the improper inducement, whether trial counsel was ineffective in failing to seek withdrawal of appellant's plea, and whether all subsequent counsel were ineffective in failing to raise these issues?
>
> 3. Whether the court erred in failing to dismiss certain charges because the Commonwealth violated the speedy trial rule?
>
> 4. Whether the trial court erred in not providing appellant sooner with the transcript of his guilty plea hearing?

We will address these matters *seriatim*.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Moreover, as one of appellant's issues on appeal is stated in terms of ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v.***

*Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. *Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa.Super. 2003).

Appellant first asserts that his plea was improperly induced by the Commonwealth's false claim that it could have used deadly weapon enhancements against him on a number of charges. The exchange to which appellant was referring occurred during the plea colloquy:

> THE COURT: You are entering pleas today to a variety of felonies, one being robbery, a felony of the first degree. It carries with it a maximum sentence of ten to twenty years, a maximum fine of $25,000. You are also entering a plea to a number of burglaries, I believe, about five. Is that right, Mr. Carroll [the assistant district attorney]?
>
> MR. CARROLL: There is one robbery and the remaining nine are burglaries, either F-1's or F-2's.
>
> THE COURT: Those burglaries that are felonies of the first degree, each carry a maximum sentence of ten to twenty years, and a maximum fine of $25,000. Those burglaries that are felonies of the second degree each carry with them a maximum sentence of five to ten years and a $25,000 fine as well.
>
> I understand that there will be some pleas to felony three type of crime and that felony three carries with it a maximum three and a half to seven years and a $15,000 fine. If through this process today you enter a plea to something other than a felony of the first, second or third degree, I will review with you your statutory maximum and

- 6 -

minimum sentences and your maximum and minimum fines. You are not facing any sentences today where the Commonwealth is invoking a mandatory minimum sentence. Is that right, Mr. Carroll?

MR. CARROLL: That's correct. Nor are we using any type of enhancements for deadly weapon used or possessed.

THE COURT: Although you could have?

MR. CARROLL: I could have, yes.

THE COURT: On a number of cases?

MR. CARROLL: Yes.

Notes of testimony, 10/5/10 at 4-6.

Appellant argues that he was charged with only one crime, the robbery, in which he brandished a deadly weapon. Therefore, the Commonwealth falsely related to him that it could have used deadly weapon enhancements on a number of his offenses and that this factor induced him to plead guilty.

We find no merit in appellant's claim. First, at the time the alleged inducement occurred, appellant had already decided to plead guilty, which was the purpose of the proceeding at which he was appearing. Second, the trial court had just finished explaining appellant's sentencing exposure. Third, the district attorney's statement simply cannot be interpreted as a threat intending to induce appellant to plead guilty; rather, it informed appellant that no deadly weapon enhancement would be applied. Fourth, it

is unclear whether the district attorney was stating whether he could apply deadly weapon enhancement to a number of appellant's cases or whether he could apply mandatory minimum sentences or deadly weapon enhancements; the trial court had asked about mandatory minimum sentences immediately before the deadly weapon enhancements. We find appellant's claim to be specious.

Appellant next asserts that trial counsel was ineffective in allowing appellant to accept a plea after the above-described unlawful inducement and that subsequent counsel were ineffective in failing to raise this argument. Obviously, having just analyzed appellant's unlawful inducement issue, and having found it specious, there is no merit to the issue underlying his claim of ineffective assistance; consequently, there is no ineffectiveness.

Appellant also contends that trial counsel was ineffective in failing to file a motion to withdraw his guilty plea which appellant allegedly requested after sentencing. We find no ineffectiveness. "After sentence has been imposed, a defendant must show that manifest injustice will result if he is not permitted to withdraw the plea." ***Commonwealth v. Kirsch***, 930 A.2d 1282, 1284 (Pa.Super. 2007), ***appeal denied***, 945 A.2d 168 (Pa. 2008). In his argument, appellant fails to analyze or explain what manifest injustice occurred as a result of his plea. Thus, he fails to demonstrate that he likely would have been permitted to withdraw his plea; consequently, we see no merit to the underlying claim. Finally, appellant filed a ***pro se*** motion to

withdraw his plea. Thus, we find that appellant has failed to satisfy the prejudice prong also.

In his third issue, appellant argues that the court erred in failing to dismiss certain charges because the Commonwealth violated the speedy trial rule. Appellant's guilty plea waived any claim of error pursuant to Pa.R.Crim.P., Rule 600, 42 Pa.C.S.A. *Commonweealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa.Super. 2014). Moreover, during his plea colloquy, the trial court specifically informed appellant that he was <u>withdrawing</u> and waiving his Rule 600 claims by pleading guilty and appellant agreed. (Notes of testimony, 10/5/10 at 7-8.)

In his fourth and final issue, appellant complains that the trial court erred in not supplying him with his guilty plea transcript quickly enough. Unfortunately, appellant has inadvertently omitted from his brief three pages (pp. 42-44) of an apparent four-page argument in this regard. Consequently, we cannot analyze appellant's claim, and we find no basis for reversing the order of the PCRA court denying appellant relief.

Accordingly, having found no merit in the issues on appeal, we will affirm the order below.

Order affirmed. Petition for bail pending appeal denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014