J-S01044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH ALLEN LUCAS | : | |
| | : | |
| | : | No. 1112 MDA 2018 |
| APPEAL OF: PENNSYLVANIA BOARD | : | |
| OF PROBATION AND PAROLE | : | |

Appeal from the Order Entered June 8, 2018
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000360-2004

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI[*], J.

MEMORANDUM BY PELLEGRINI, J.:　　　　　**FILED FEBRUARY 11, 2019**

The Pennsylvania Board of Probation and Parole (Board) appeals from an order of the Court of Common Pleas of Clinton County (trial court) directing it to pay fees associated with Keith Allen Lucas's (Lucas) Sexually Violent Predator (SVP) counseling.  It contends that the trial court erred in finding that it was the entity required to pay those costs because it was not the "parole office" upon which 42 Pa.C.S. § 9799.36(a) imposed costs, but rather those costs must be imposed on the local county parole office.  For the following reasons, we affirm the trial court.

_____

[*]　Retired Senior Judge assigned to the Superior Court.

In 2005, Lucas pled guilty to one count of sexual assault and was sentenced to fifty-four months to ten years' incarceration. Lucas was deemed an SVP making him subject to the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42.[1]

In addition to being subject to lifetime registration and quarterly in-person reporting requirements, SVPs are subject to mandatory monthly counseling sessions, codified as follows:

> **(a) General rule.--**A sexually violent predator who is not incarcerated shall be required to attend at least monthly counseling sessions in a program approved by the board and be financially responsible for all fees assessed from the counseling sessions. The **board**[2] shall monitor the compliance of the sexually violent predator. If the sexually violent predator can prove to the satisfaction of the court that the *sexually violent predator cannot afford to pay for*

---

[1] Over the years, due to both legislative amendments made to the Act and court decisions that struck down certain of its provisions, SORNA has been both amended or reenacted several times. At all times before the trial court, the provisions cited above were applicable. However, after the trial court decision, 42 Pa.C.S. §§ 9799.51-9799.75, effective June 12, 2018, was added. These provisions apply to individuals who were convicted of certain offenses committed on or after April 22, 1996, but before December 20, 2012, and whose period of registration under former sexual offender registration laws had not yet expired. 42 Pa.C.S. § 9799.52. The provisions in that subchapter are identical to the provisions at issue here.

[2] The term "board" as used in SORNA is defined as "The State Sexual Offenders Assessment Board." 42 Pa.C.S. § 9799.12. Its members are composed of psychiatrists, psychologists and criminal justice experts, each of whom is an expert in the field of the behavior and treatment of sexual offenders and whose members are appointed by the Governor. 42 Pa.C.S. § 9799.35.

> *the counseling sessions, the sexually violent predator shall nonetheless attend the counseling sessions*, **and the parole office shall pay the requisite fees**.

42 Pa.C.S. § 9799.36(a) (emphasis and footnote added).[3]

Lucas completed his term of incarceration in 2015, but at some point became unable to pay for counselling and the associated fees and filed a motion requesting that costs be paid by someone else. The trial court found that he was unable to pay and, over its objection, found that the Board was the "parole office" required to pay for the mandated counseling because it was the only agency that had ever supervised Lucas on parole. The Board then filed this appeal.[4, 5]

Not disputing that Lucas is unable to pay, the Board contends that the trial court erred when it ordered the Board to pay the counseling fees because it is not the "parole office" required to pay such fees. It contends that the "parole office" refers to the county parole office. The Board contends that the

_____

[3] **See also** 42 Pa.C.S. § 9799.70.

[4] Because the Board is a state administrative agency, we issued a rule to show cause why this appeal should not be transferred to the Commonwealth Court. We agree with the Board's response that because the appeal involves an order of the type not listed at 42 Pa. C.S. § 762, which gives the Commonwealth Court jurisdiction over appeals of Commonwealth agencies, jurisdiction over this appeal properly resides with us.

[5] When addressing a question of statutory construction, our scope of review is de novo and the scope of our review is plenary. **Commonwealth v. Barbaro**, 94 A.3d 389, 391 (Pa. Super. 2014) (citation omitted).

General Assembly clearly meant the county parole office[6] because it did not use the term "Board of Probation and Parole" when it provided who was to pay.

The term "parole office" is not defined in SORNA; it could refer to a local board of probation and parole office, the county parole office or, as found by the trial court, both, *i.e.*, the office that had supervisory control over the SVP. When the meaning, as here, is not clear, unambiguous or is indefinite, our cardinal rule is to ascertain and effectuate the intent of the Legislature. **See** 1 Pa.C.S. § 1921(a). In doing so, we do not interpret statutory words or phrases in isolation, but must read them with reference to the context in which they appear. Moreover, we may also consider such factors as the mischief to be remedied, **see** 1 Pa.C.S. § 1921(c)(3); the object to be attained, **see** 1 Pa.C.S. § 1921(c)(4); and the consequences of a particular interpretation, **see** 1 Pa.C.S. § 1921(c)(6).

Throughout SORNA, though, the General Assembly specifically and separately identified the board of probation and parole and the county office of probation and parole when imposing obligations and duties. **See**, **e.g.**, 42 Pa. C.S. § 9799.13 (requires registration by an inmate being supervised either by the Pennsylvania Board of Probation and Parole or by the county probation

---

[6] The Board appeared in the proceeding at the request of the trial court. Clinton County or its parole office is not a party to this appeal.

- 4 -

or parole); 42 Pa.C.S. § 9799.16(d) (requiring cooperation between the Pennsylvania State Police, State and county correctional institutions, the Pennsylvania Board of Probation and Parole, the county office of probation and parole, and any court with jurisdiction over a sexual offender); 42 Pa. C.S. § 9799.30 ("The Pennsylvania Board of Probation and Parole and county probation authorities may impose supervision conditions that include tracking through global positioning system technology"); 42 Pa.C.S. § 9799.31(6) ("The following entities shall be immune from liability for good faith conduct under this subchapter: . . . . County probation and parole offices and their agents and employees.")

With regard to SVPs within their jurisdiction, SORNA imposes obligations on government actors that vary depending on its particular level of interaction with the offender. For example, 42 Pa.C.S. § 9799.22(d) requires entities to alert the Pennsylvania State Police when an offender refuses to provide required information. Those bodies include the court with jurisdiction over the sexual offender, the Board and the county office of probation and parole. Additionally, 42 Pa. C. S. § 9799.19 places on each agency -the Board or the county office of probation and parole – to obtain information needed for the SVP to be included on the state registry where the individual is being supervised under the compact for committing a sexually violent offense in another jurisdiction or foreign country.

What those above-cited provisions show is that if the General Assembly wanted to provide that either the Board or the county board of probation and parole was the agency exclusively responsible for all counselling fees, it knew how to do so. The provisions also show that the General Assembly wanted the entity with control over the SVP to be responsible for his or her compliance with SORNA. This means that the agency charged with supervision would be required to pay for counselling when the trial court determines that the SVP is financially unable to do so. This interpretation is in accord with **Commonwealth v. Lee**, 935 A.2d 865 (Pa. 2007), where our Supreme Court quoted the challenged language and suggested that where an SVP cannot pay "the **responsible parole office** shall pay." **Id**. at 70 n.17 (emphasis added).[7]

In this case, 42 Pa.C.S. § 9799.36(a) provides that the "parole office" is responsible for the payment of counseling sessions for a sexually violent

---

[7] As to the Board's argument that it is good public policy to require the local parole office to pay for counseling because it would ensure that trial courts would conduct a robust investigation as to whether the SVP could not pay for those sessions, that implies that the trial court's inquiry would be less than robust if the state would have to pay. Aside from being somewhat insulting to trial courts, if the trial court erroneously found that the person did not have the money to pay for the counseling fees when that person did, then an appeal could be taken to this Court to rectify that error.

The Board also argues that because the SVP resides in a local community, we should interpret the parole office to be the county parole office because SVP counselling benefits the local community, which should pay for that treatment. What that argument ignores is that SVP supervision is effectuated at a statewide level, and it is good public policy for the Board to pay for such treatment.

predator who cannot afford to pay such fees. In the underlying criminal matter, Lucas was supervised solely by the Board. The Clinton County Adult Probation and Parole Office never exercised any control over Lucas. Because we hold that the parole office that has supervision over the SVP is responsible for SORNA counseling fees and the Board was solely in charge of supervision over Lucas, we affirm the trial court's order imposing those fees on the Board.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2019