J-S52029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD WALKER | : | |
| | : | |
| Appellant | : | No. 660 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 1, 2019,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0004305-2017.

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 04, 2019**

Donald Walker appeals from the judgment of sentence entered following revocation of his probation. Walker claims that the court erred in concluding that he was ineligible for an RRRI (Recidivism Risk Reduction Incentive) minimum sentence.[1] Upon review, we vacate his sentence and remand with instructions.

On May 10, 2017, Walker broke into a gas station, located in Bucks County, Pennsylvania, after hours to commit a theft. Walker was charged with criminal trespass, to which he pled guilty. The trial court sentenced him to 12 months of incarceration followed by 4 years of probation. Because Walker's crime was a felony and he lived in New Jersey, his case was transferred to New Jersey through the interstate compact.

---

[1] 61 Pa.C.S.A. § 4501 *et seq.*

While serving his probation, Walker was charged with three separate burglary-related offenses in New Jersey. Walker pled guilty to those charges and received various sentences, including imprisonment and probation. Thereafter, his case was transferred back to Pennsylvania for a probation violation hearing.

Walker admitted that he violated his probation. Consequently, the court revoked his probation and sentenced him to 18 to 60 months of imprisonment. Walker asked the court to designate his sentence as RRRI eligible, but the court denied his request based upon his criminal history and convictions for burglary.

Walker timely appealed. Both the court and Walker complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Walker raises the following single issue:

A. Whether four prior convictions for burglary should prevent [Walker] from qualifying for a recidivism risk reduction incentive minimum sentence?

Walker's Brief at 9.

Walker argues that the trial court should have imposed an RRRI minimum sentence under 61 Pa.C.S.A. § 4505. Specifically, according to Walker, New Jersey's burglary statute, unlike Pennsylvania's, does not distinguish between occupied and unoccupied structures. As a result, there is no distinction between first and second-degree burglary in New Jersey as

there is in Pennsylvania. Walker's Brief at 8, 13. Thus, Walker contends he is eligible for an RRRI minimum sentence. *Id.* at 9.

In concluding that Walker was not RRRI eligible, the court reviewed the sentencing guideline sheet, which indicated that Walker had three F2 convictions, eleven F3 convictions, and one M1 conviction involving weapons. The Commonwealth advised the court that, since Walker had four prior burglaries, he did not qualify for RRRI. Trial Court Opinion, 4/30/19, at 4.

A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. *Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014). "It is legal error to fail to impose an RRRI minimum sentence on an eligible offender." *Id.*

A defendant who has "a history of present or past violent behavior" is not eligible for an RRRI sentence. 61 Pa.C.S.A. § 4503. Particularly, with respect to burglary offenses, our Supreme Court has held that "a conviction for first-degree burglary demonstrates violent behavior under Section 4503(1) as a matter of law." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1034 (Pa. Super. 2016)(citing *Commonwealth v. Chester*, 101 A.3d 56, 57 (Pa. 2014)); *but see Commonwealth v. Cullen-Doyle*, 164 A.3d 1239 (Pa. 2017) (holding that a conviction for first-degree burglary, by itself, does not disqualify a defendant from eligibility for an RRRI sentence). However, "[a]n F2 burglary, by definition, does not involve the risk of violence, or injury, to another person. It is solely an offense against the property rights of the owner

of the subject premises." **Commonwealth v. Gonzalez**, 10 A.3d 1260, 1262 (Pa. Super. 2010).

Furthermore, when considering a conviction from another state, the court must compare the statute from the other state that defines the offense with the Pennsylvania statute defining the same offense to determine whether the two statutes are "substantially equivalent". **Commonwealth v. Barbaro,** 94 A.3d 389, 393 (Pa. Super. 2014). If they are not, then the out of state conviction should not be considered in determining RRRI eligibility. **Id.** When comparing statutes, "the court must consider the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability." **Id.** at 394 (emphasis omitted). Courts should not focus on the facts of the underlying conviction "but rather the statute that triggered the conviction". **Commonwealth v. Northrip**, 985 A.2d 734, 741-42 (Pa. 2009).

At issue here is whether Walker's past convictions, particularly his convictions for burglary, disqualify him from RRRI eligibility. The court recognized, however, that it did not have sufficient information at the hearing regarding Walker's prior convictions, particularly the New Jersey burglaries, and therefore, the court was unable to adequately assess his RRRI eligibility. In its Pa.R.A.P. 1925 opinion, the court requested that we remand this matter for further proceedings to take additional evidence and argument. Trial Court Opinion, 4/30/19, at 4. According to the court, Walker may be RRRI eligible

based upon the nature of Walker's burglary convictions. **Id.** The Commonwealth agrees that the details of Walker's criminal record need developed further, and therefore, this matter should be remanded to determine solely Walker's RRRI eligibility. Commonwealth's Brief at 8. We, therefore, vacate Walker's judgment of sentence and remand for resentencing to determine Walker's eligibility, and, if applicable, to impose a new sentence which includes an RRRI minimum sentence.[2]

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/19

---

[2] We note that Walker's criminal record is not a part of the record in this case. Therefore, as noted by the Commonwealth, we are unable to determine whether Walker was eligible for an RRRI minimum sentence. **See** Commonwealth's Brief at 7-8 n. 1.