J-S65020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMOS MACK, JR. | : | |
| | : | |
| Appellant | : | No. 1212 MDA 2019 |

Appeal from the Judgment of Sentence Entered, May 1, 2019,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s):  CP-28-CR-0001040-2017.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMOS MACK, JR. | : | |
| | : | |
| Appellant | : | No. 1213 MDA 2019 |

Appeal from the Judgment of Sentence Entered, May 1, 2019,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s):  CP-28-CR-0000575-2018.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMOS MACK, JR. | : | |
| | : | |
| Appellant | : | No. 1214 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 1, 2019

in the Court of Common Pleas of Franklin County,
Criminal Division at No(s): CP-28-CR-0000576-2018.

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                             :            PENNSYLVANIA
                             :
            v.               :
                             :
                             :
AMOS MACK, JR.               :
                             :
        Appellant            :   No. 1215 MDA 2019

Appeal from the Judgment of Sentence Entered, May 1, 2019,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s): CP-28-CR-0001375-2018.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: FEBRUARY 3, 2020**

Amos Mack, Jr., appeals from the judgment of sentence entered following his negotiated plea. Mack claims that the trial court erred in concluding that he was ineligible for an RRRI (Recidivism Risk Reduction Incentive) minimum sentence.[1] Upon review, we affirm.

On May 1, 2019, Mack pled guilty to numerous and varied charges, the details of which are not relevant to this appeal. Following his plea, the trial court sentenced him to an aggregate sentence of 3 to 12 years of incarceration. Mack asked the court to designate his sentence as RRRI

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 61 Pa.C.S.A. § 4501 *et seq.*

- 2 -

eligible, but the court denied the request based upon Mack's 2005 plea to common law/strong arm robbery in South Carolina. Mack filed a post-trial motion raising only the issue of his RRRI eligibility, which the trial court again denied.

Mack timely appealed. Both Mack and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Mack raises the following single issue:

1) Did the trial court err by making [Mack] ineligible for RRRI based on a South Carolina robbery conviction which was classified as "non-violent?"

Mack's Brief at 4.

A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. **Commonwealth v. Tobin**, 89 A.3d 663, 670 (Pa. Super. 2014). "It is legal error to fail to impose an RRRI minimum sentence on an eligible [person]." **Id.** "Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014).

A person who has been convicted of certain "personal injury crimes," as defined under the Crime Victims Act, "or an equivalent offense under the laws of . . . possessions, another state," is not eligible for an RRRI sentence. 61 Pa.C.S.A. § 4503(3). Under that Act, robbery is such an offense. **See** 18 P.S. § 11.103 (definitions).

When deciding whether a conviction from another state is equivalent to an offense listed under the Crime Victims Act, the court must compare the statute or law from the other state that defines the offense with the Pennsylvania statute defining the same offense to determine whether the two laws are "substantially equivalent." *Commonwealth v. Barbaro,* 94 A.3d 389, 393 (Pa. Super. 2014). If they are not, then the court should not consider the out of state conviction in determining RRRI eligibility. *Id.* When comparing statutes, "the court must consider the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability." *Id.* at 394 (emphasis omitted). Courts should not focus on the facts of the underlying conviction "but rather the statute that triggered the conviction." *Commonwealth v. Northrip*, 985 A.2d 734, 741-42 (Pa. 2009).

Mack argues that the trial court should have imposed an RRRI minimum sentence in accordance with 61 Pa.C.S.A. § 4505. Specifically, he argues that, although South Carolina's offense of common law/strong arm robbery is very similar to robbery in Pennsylvania, Mack's South Carolina sentencing order indicated that his conduct, leading to the charge of this offense, was considered non-violent, thereby distinguishing it from the Pennsylvania robbery statute. Mack's Brief at 9. According to Mack, Pennsylvania law requires that a robbery include some sort of violent conduct or the threat of violence. *Id.* at 10. Because robbery in South Carolina can be classified as non-violent, it is not substantially equivalent to the Pennsylvania statute.

Thus, Mack contends the trial court should not have considered this offense when it held he was ineligible for an RRRI minimum sentence. ***Id.***

As required, the trial court compared the Pennsylvania statute of robbery, specifically 18 Pa.C.S.A. § 3701(a)(1)(v), to the South Carolina offense of common law/strong arm robbery, SC ST 16-11–325.[2] The trial court concluded that they were substantially equivalent. Trial Court Opinion, 6/24/19, at 3-4.

Based upon our review, we agree with the trial court that the two offenses are substantially equivalent. The trial court, in its opinion following Mack's post-trial motion, cogently analyzed the law and the applicability of the South Carolina common law/strong arm robbery offense under the RRRI statute. Accordingly, we adopt the trial court's opinion regarding Mack's RRRI eligibility entered on June 24, 2019 as our own.[3]

We further note that South Carolina's designation of Mack's offense as non-violent does not affect our conclusion. Contrary to Mack's contention, the Pennsylvania statute does not necessarily require that the robbery be violent. Although some types of robbery set forth in 18 Pa.C.S.A. § 3701 contemplate violent or threatening behavior, 18 Pa.C.S.A. § 3701(a)(1)(v) does not. Instead, it only requires that the robbery have been committed by the use of

---

[2] As the trial court observed, this offense is not defined by statute but rather case law as it is a common law offense in South Carolina.

[3] In the event of further proceedings, the litigants shall attach a copy of the trial court's opinion to this memorandum.

force, however slight, similar to Mack's underlying conviction for common law/strong robbery. **See** 18 Pa.C.S.A. § 3701(a)(1)(v); **State v. Brown**, 260 S.E.2d 719, 720 (S.C. 1979) (explaining that the common-law offense of robbery is essentially the commission of larceny with force."). This type of robbery is not excluded from the definition of "personal injury crime" under the Crime Victims Act, and therefore precludes an individual from being eligible for an RRRI sentence.

Moreover, we observe that the use of force, which are elements of both the Pennsylvania and South Carolina offenses, does not necessarily need to be violent. "Violent" is a type of force which is uncontrolled, strong, rough or intense.[4] Again, the critical consideration is the comparison of the elements of each offense, not the facts or circumstances of the particular incident. **See Northrip**, **supra**. Thus, we agree with the trial court that Mack's South Carolina conviction renders him ineligible for an RRRI sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[4] "violent." Dictionary.com. https://www.dictionary.com (last visited 1/14/20).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/03/2020