J-S35013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE GALLAHAN | |
| Appellant | No. 1726 EDA 2014 |

Appeal from the PCRA Order May 20, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000545-2013
CP-48-CR-0000547-2013

BEFORE: MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                          **FILED JUNE 19, 2015**

Appellant, Shane Gallahan, appeals from the May 20, 2014 order, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. After careful review, we affirm and grant counsel's petition to withdraw.

We summarize the relevant factual and procedural background of this case as follows. On May 3, 2013, Appellant pled guilty to two counts of

_____

[*] Retired Senior Judge assigned to the Superior Court.

stalking[1] at docket number CP-48-CR-545-2013 and one count of stalking at docket number CP-48-CR-547-2013. Pursuant to a plea agreement between Appellant and the Commonwealth, the trial court immediately imposed a sentence of one to two years' imprisonment, plus 16 months' probation for each count. The two sentences were to run consecutively to each other, for a total aggregate sentence of three to six years' imprisonment, followed by four years' probation. Appellant did not file a post-sentence motion with the trial court or a direct appeal with this Court.

On January 7, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel. The PCRA court conducted an evidentiary hearing on May 2, 2014. On May 20, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition. On June 9, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, counsel raises the following issues on Appellant's behalf.

1. Whether [t]rial [c]ounsel was ineffective for failing to insure that the guilty plea and sentencing proceedings were in accordance with law and in accordance with the plea agreement[?]

2. Whether … [Appellant]'s [p]lea was entered knowingly, voluntarily, and intelligently[?]

---

[1] 18 Pa.C.S.A. § 2709.1(a)(2).

[2] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*Turner*/*Finley* Brief, Exhibit G at 3.

Prior to considering Appellant's issues, we must review PCRA counsel's request to withdraw from representation. Our Supreme Court has articulated the requirements PCRA counsel must adhere to when requesting to withdraw, which include the following.

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

*Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa. 2009), *quoting* *Finley*, *supra* at 215. "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Id.* (citation omitted).

Instantly, we determine that PCRA counsel has complied with the requirements of **Turner**/**Finley**. Specifically, PCRA counsel's **Turner**/**Finley** letter and petition to withdraw detail the nature and extent of PCRA counsel's review, address the claims Appellant raised in his *pro se* PCRA petition and at the PCRA hearing, and determine that the issues lack merit. PCRA counsel provides a discussion of Appellant's claims, explaining why the issues are without merit. Additionally, PCRA counsel served Appellant with a copy of the petition to withdraw and **Turner**/**Finley** letter, advising Appellant that, if PCRA counsel was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. Appellant has not filed any response. We proceed, therefore, to conduct an independent merits review of Appellant's claims.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." **Commonwealth v.**

- 4 -

*Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

The Sixth Amendment to the Federal Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[3] U.S. Const. amend. VI. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel. *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." *Fears*, *supra* at 804 (brackets in original; citation omitted). To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have

---

[3] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …." Pa. Const. art. I, § 9. Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment. *Commonwealth v. Pierce*, 527 A.2d 973, 976 (Pa. 1987).

been different." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." *Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013) (citation omitted).

Although framed by PCRA counsel as two issues, Appellant essentially raised four arguments in his PCRA petition and at the PCRA hearing. First, Appellant argues the sentence the trial court imposed was excessive. Appellant's PCRA Petition, 1/7/14, at 3. Appellant also argues that trial counsel was ineffective for not pursuing an affirmative defense. *Id.* Third, Appellant avers that his underlying guilty plea was not knowingly, voluntarily, or intelligently entered. *Turner*/*Finley* Brief, Exhibit G, at 22. Fourth, Appellant argues plea counsel was ineffective for preventing him from hiring his own paid attorney. *Id.* at 19.

We elect to first address Appellant's first and third arguments together. However, before we may reach the merits of either, we must first ascertain whether they are preserved for our review. In order to be eligible for relief under the PCRA, the statute requires the petitioner to show the following by a preponderance of the evidence.

> **§ 9543. Eligibility for relief**
>
> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> …

(2) That the conviction or sentence resulted from one or more of the following:

…

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

…

(3) That the allegation of error has not been previously litigated or waived.

…

42 Pa.C.S.A. § 9543(a). An issue is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b). It is also axiomatic that when a defendant pleads guilty he or she "waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa. Super. 2014) (citation omitted).

In the case *sub judice*, Appellant did not file a direct appeal in this Court after his guilty plea was entered and his sentence was imposed. Appellant could have raised the issue of the voluntariness of his plea directly

in such an appeal, but he did not. In addition, the record reflects that Appellant received the exact sentence pursuant to the plea agreement negotiated with the Commonwealth. Therefore, Appellant's challenges to the validity of his guilty plea and subsequent sentence imposed by the trial court are deemed waived under the parameters of the PCRA. ***See*** 42 Pa.C.S.A. §§ 9543(a), 9544(b); ***Barbaro***, ***supra***; ***accord Commonwealth v. Rachak***, 62 A.3d 389, 391 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013).

Next, we address Appellant's argument that plea counsel was ineffective for interfering with him hiring paid counsel of his choice. Although the Counsel Clause of the Sixth Amendment includes the right to hire paid counsel of one's choice, as noted above, by pleading guilty, a defendant waives this issue. ***United States v. Gonzalez-Lopez***, 548 U.S. 140, 144 (2006); ***Barbaro***, ***supra***. Furthermore, to the extent this could be construed as an ineffectiveness claim, Appellant does not explain what actions or omissions plea counsel committed in order to interfere with his Sixth Amendment rights. Appellant testified at the PCRA hearing that he was in the process of hiring Matthew Potts, Esquire (Attorney Potts) as his defense counsel. N.T., 5/2/14, at 12. According to Appellant, the trial court refused to allow him any additional time in order to get the money together to hire Attorney Potts. ***Id.*** Appellant acknowledged that he never actually paid a retainer to Attorney Potts or otherwise attempted to hire him. ***Id.*** at

14. This does not reflect any arguable ineffectiveness on the part of appointed trial counsel. Based on these considerations, we conclude Appellant is not entitled to relief on this issue.

We next address Appellant's argument that plea counsel was ineffective for not investigating or pursuing an affirmative defense on his behalf and making sure the plea bargain was according to law. ***Turner***/***Finley*** Brief, Exhibit G, at 22; Appellant's PCRA Petition, 1/7/14, at 3. We note that the PCRA court explained its conclusion as follows.

> During the PCRA hearing, [p]lea [c]ounsel testified that he discussed the elements of the crime and possible defenses with [Appellant], investigated the nature of the evidence against [him], and discussed the terms of the closed guilty plea in depth with him. Plea [c]ounsel also noted that [Appellant] admitted his guilt on the record, apologized to the victim, and did not request that [p]lea [c]ounsel file any post-sentence motions on his behalf. As such, [p]lea [c]ounsel pursued a course of conduct that had some reasonable basis designed to effectuate [Appellant]'s interests based on the evidence and his communications with [Appellant].

PCRA Court Opinion, 5/20/14, at 6.

After careful review of the certified record, we conclude the record supports the PCRA court's findings. At the PCRA hearing, plea counsel testified that he met with Appellant and discussed the Commonwealth's evidence against him as well as possible defenses. ***See generally*** N.T., 5/2/14, at 24, 28, 30-31. Appellant does not specify what affirmative defense was not discussed or investigated. Also, Appellant did admit his

guilt on the record of the offense charged and apologized to the victim. N.T., 5/3/13, at 14, 25. This Court has made clear in this context that a defendant may not contradict these statements as a basis to negate the guilty plea. *Commonwealth v. Timchak*, 69 A.3d 765, 774 (Pa. Super. 2013) (citation omitted); *Commonwealth v. Brown*, 48 A.3d 1275, 1278 (Pa. Super. 2012) (citation omitted), *appeal denied*, 63 A.3d 773 (Pa. 2013). As a result, Appellant is not entitled to relief on this issue.

Based on the foregoing, we agree with PCRA counsel that Appellant's issues lack merit. Accordingly, we grant counsel's petition to withdraw and affirm the PCRA court's May 20, 2014 order dismissing Appellant's PCRA petition.

Order affirmed. Petition to withdraw as counsel granted.

Judge Platt joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015

- 10 -