J-S54028-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
        v.                      :
                                :
                                :
BRIANNE MAE HALL               :
                                :
        Appellant              :    No. 264 WDA 2018

Appeal from the Judgment of Sentence[1] of August 23, 2017
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000137-2016,
CP-05-CR-0000209-2017

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                FILED SEPTEMBER 12, 2018

Brianne Mae Hall appeals from the trial court's judgment of sentence after she entered a negotiated guilty plea to possessing or transporting liquefied ammonia gas/precursors and chemicals,[2] possession with intent to

_____

[1] Although Hall filed her notice of appeal from the January 9, 2018 order denying her nunc pro tunc post-sentence motion, we have amended the caption to reflect that the appeal is technically taken from the judgment of sentence.  See Commonwealth v. Chamberlain, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motion acts to finalize judgment of sentence; thus, appeal is taken from judgment of sentence, not order denying post-sentence motion).

[2] 35 P.S. § 780-113.1(a)(3).

deliver,[3] operating a methamphetamine lab,[4] risking catastrophe,[5] and recklessly endangering another person (REAP) (M-2) on docket No. 290 of 2017.[6] Hall was sentenced to 2-4 years of incarceration[7] and deemed not eligible for the Recidivism Risk Reduction Incentive (RRRI)[8] Program.[9] Counsel has filed a petition to withdraw and brief pursuant to Anders and McClendon.[10] After careful review, we affirm and grant counsel's motion to withdraw.

After Hall was sentenced on the above-cited offenses, the trial court received a letter from the Department of Corrections referencing both docket numbers, 137 of 2016 and 209 of 2017, indicating that Hall was eligible for

_____

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. 780-113.4(a)(1).

[5] 18 Pa.C.S. § 3302(b).

[6] 18 Pa.C.S. § 2705.

[7] Hall was also resentenced due to a probation violation on a separate docket, No. 137 of 2016, to a term of imprisonment of 3 months to 2 years to be served consecutive to the instant sentence (No. 270 of 2017). The aggregate sentence on Nos. 137 of 2016 and 270 of 2017 is 27 months to 6 years' incarceration.

[8] See generally 61 Pa.C.S.A. §§ 4501-4512 (RRRI Act).

[9] See Sentencing Hearing, 7/28/17, at 8; see also Sentencing Order, 7/28/17, at ¶ 7. See 61 Pa.C.S. § 4505(a) ("at the time of sentencing, the court shall make a determination whether the defendant is an eligible offender.").

[10] Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981).

the RRRI program. Hall filed a post-sentence motion nunc pro tunc requesting her sentence be modified to reflect her RRRI eligibility. After a hearing on the motion, the trial court denied the request. This timely appeal follows.

Before we address the merits of Hall's claim on appeal, we must first turn our attention to counsel's request to withdraw. When counsel seeks to withdraw pursuant to Anders, an appellate court may not review the merits of the underlying issues of the appeal without first passing on counsel's request to withdraw. In order for counsel to withdraw from an appeal pursuant to Anders, he or she must file a brief, which accompanies counsel's petition to withdraw, that: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous. Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009).

Counsel must also furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed pro se or raise any additional points that he deems worthy of the court's attention. Commonwealth v. Ferguson, 761 A.2d 613, 616 (Pa. Super. 2000). Moreover, counsel must attach to the Anders petition to withdraw a copy of the letter sent to the client as required under Commonwealth v. Millisock, 873 A.2d 748, 751 (Pa. Super. 2005).

Counsel has complied with the technical dictates outlined above. Accordingly, we must now conduct our own independent review of the claim raised on appeal to determine whether it is frivolous and, thus, whether we should grant counsel's motion to withdraw.

On appeal, Hall presents one issue for our consideration: "Whether the court erred when it found [Hall] is not eligible for the [R]ecidivism [R]isk [R]eduction [I]ncentive [P]rogram." Appellant's Brief at 7.

"The question of whether a defendant is . . . (RRRI) eligible presents a question of statutory construction and implicates the legality of the sentence imposed."[11] Commonwealth v. Robinson, 7 A.3d 868 (Pa. Super. 2010). Therefore, the standard of review is de novo and the scope of review is plenary. Commonwealth v. Barbaro, 94 A.3d 389 (Pa. Super. 2014). RRRI eligibility permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences. Commonwealth v. Quiles, 166 A.3d 387 (Pa. Super. 2017). Not all defendants qualify for RRRI eligibility, and, therefore, when a court imposes a sentence of imprisonment in a state correctional facility, the court must also determine if the defendant is eligible for an RRRI Act minimum sentence. Id.

_____

[11] Even though Hall entered into a negotiated guilty plea, she is permitted to raise a legality of sentence claim. See Commonwealth v. Pantalion, 957 A.2d 1267 (Pa. Super. 2008) (when defendant enters negotiated guilty plea, he or she waives right to challenge on appeal all non-jurisdictional defects except legality of the sentence and validity of the plea).

If a defendant is RRRI eligible, the court must impose an alternative RRRI minimum sentence along with the minimum and maximum terms of imprisonment that the court imposed as a matter of its sentencing discretion under the Sentencing Code.  42 Pa.C.S. § 9756(b.1).[12]

Instantly, Hall entered a guilty plea to, among other offenses, REAP. The crime of REAP is committed when a defendant "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury."  18 Pa.C.S. § 2705.  Under the RRRI statute, an "eligible offender" is defined as:

> (3) [A] defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets the following eligibility requirements:
>
>> Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

61 Pa.C.S. § 4503(3) (emphasis added).  Thus, the heart of the issue on appeal is whether Hall's REAP offense, classified as a second-degree

---

[12] Offenders eligible for the RRRI program are sentenced to the minimum and maximum sentences under section 9752 of the Sentencing Code and then receive the RRRI minimum sentence, which constitutes three-fourths of a minimum sentence of three years or less, or five-sixths of a minimum sentence of more than three years.  See 61 Pa.C.S. § 4505(c).

misdemeanor, is considered a personal injury crime for purposes of disqualifying her from RRRI eligibility. See Quiles, supra (defendant is not eligible for RRRI if he has conviction for personal injury crime, such as assault, or equivalent offense under the laws of another state).

Section 11.103 of the Crime Victims Act defines "personal injury crime" as:

> An act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following:
>
> 18 Pa.C.S. Ch. 25 (relating to criminal homicide).
>
> 18 Pa.C.S. Ch. 27 (relating to assault).
>
> 18 Pa.C.S. Ch. 29 (relating to kidnapping).
>
> 18 Pa.C.S. Ch. 31 (relating to sexual offenses).
>
> 18 Pa.C.S. § 3301 (relating to arson and related offenses).
>
> 18 Pa.C.S. Ch. 37 (relating to robbery).
>
> 18 Pa.C.S. Ch. 49 Subch. B (relating to victim and witness intimidation).
>
> 30 Pa.C.S. § 5502.1 (relating to homicide by watercraft while operating under influence).
>
> The former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance) in cases involving bodily injury.
>
> 75 Pa.C.S. § 3732 (relating to homicide by vehicle).
>
> 75 Pa.C.S. § 3735 (relating to homicide by vehicle while driving under influence).
>
> 75 Pa.C.S. § 3735.1 (relating to aggravated assault by vehicle while driving under the influence).
>
> 75 Pa.C.S. § 3742 (relating to accidents involving death or personal injury).

> 75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) in cases involving bodily injury.

18 P.S. § 11.103 (emphasis added).

Section 11.103 does not exclude any Chapter 27 offenses from the definition of personal injury crime. Because REAP is a Chapter 27 offense, see id., and not the excluded non-eligible Chapter 27 offense of simple assault, see 61 Pa.C.S. § 4503(3), we conclude that the trial court correctly determined that Hall was ineligible for the RRRI program. Barbaro, supra. Because Hall's claim is frivolous, we permit counsel to withdraw.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2018