J-S40040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ERIC COIT | : | |
| | : | |
| Appellant | : | No. 624 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 5, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002524-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ERIC COIT | : | |
| | : | |
| Appellant | : | No. 2126 EDA 2023 |

Appeal from the Order Entered August 1, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002524-2022

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 15, 2024**

Appellant, David Eric Coit, appeals from the judgment of sentence of 2

to 4 years' incarceration and 10 years of concurrent probation imposed on him

---

[*] Retired Senior Judge assigned to the Superior Court.

after he pled *nolo contendere* to robbery of a motor vehicle[1] and also appeals *pro se* from the trial court's subsequent denial of a motion to represent himself. Appellant's appellate counsel has filed a petition to withdraw and an **Anders**[2] brief in the appeal from the judgment of sentence, stating that the appeal is wholly frivolous. After careful review, we grant counsel's petition to withdraw and affirm both Appellant's judgment of sentence and the denial of his motion to represent himself.

Appellant was charged with robbery of a motor vehicle and 24 other counts, including kidnapping, robbery, aggravated assault, and strangulation, arising out of an altercation between Appellant and a woman (Victim) in Victim's car on January 30, 2021 during which Appellant ultimately physically removed Victim from the driver's seat of her car and took the car without her permission. Trial Court Opinion at 1-2; N.T. Plea Hearing and Sentencing Hearing at 5. On December 5, 2022, Appellant entered a negotiated *nolo contendere* plea to one count of robbery of a motor vehicle under a plea agreement that provided that the Commonwealth would *nol pros* the other 24 charges and that the prison sentence that would be imposed for this offense would be 2 to 4 years. N.T. Plea Hearing and Sentencing Hearing at 2-9. At that same hearing, the trial court accepted Appellant's plea and sentenced

---

[1] 18 Pa.C.S. § 3702(a).

[2] **Anders v. California**, 386 U.S. 738 (1967).

Appellant in accordance with the plea agreement to 2 to 4 years' incarceration and a concurrent term of 10 years' probation. ***Id.*** at 9-10.

Appellant filed a timely post-sentence motion to withdraw his plea. On February 8, 2023, following a hearing, the trial court denied Appellant's motion to withdraw his plea. N.T., 2/8/23, at 34-37; Court Sheet, 2/8/23. Appellant timely appealed his judgment of sentence, and the trial court on March 9, 2023 appointed appellate counsel to represent Appellant in that appeal, which this Court docketed as 624 EDA 2023. On June 27, 2023, appellate counsel filed an ***Anders*** brief and petition to withdraw as counsel.

In July 2023, while this appeal was pending, Appellant filed a motion in the trial court seeking removal of appellate counsel and a ***Grazier***[3] hearing to determine whether Appellant should be permitted to proceed *pro se* in the appeal from his judgment of sentence. On August 1, 2023, the trial court denied this motion. Appellant timely appealed the denial of this motion, and this Court *sua sponte* consolidated that appeal, docketed as 2126 EDA 2023, with the appeal from Appellant's judgment of sentence.

Because Appellant's appeal at 2126 EDA 2023 relates to his representation in the appeal from his judgment of sentence, we address 2126 EDA 2023 first. On September 27, 2023, this Court in its order consolidating the two appeals granted Appellant 30 days to file a *pro se* or counseled

_____

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

response to appellate counsel's petition to withdraw and **Anders** brief. 9/27/23 Order. In that order, the Court directed Appellant to address and raise any issues supporting his appeal at 2126 EDA 2023 in that response and advised him that failure to file such a response would waive his right to present his issues in 2126 EDA 2023 to this Court. **Id.** Appellant filed no such response. Appellant has therefore waived any argument that the trial court erred in denying his motion to remove appellate counsel and represent himself.

In any event, even if the issue were not waived, Appellant would not be entitled to relief in 2126 EDA 2023. Appellate counsel filed his brief in the judgment of sentence appeal on June 27, 2023. Appellant filed his motion to represent himself in July 2023, after appellate counsel had filed his brief. Because counsel filed an **Anders** brief and petition to withdraw, Appellant was entitled to file *pro se* arguments in support of his appeal without removal of counsel or a court hearing on whether he validly waived his right to counsel. **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007). Appellant was afforded that opportunity and chose not to avail himself of it.

We therefore consider Appellant's appeal at 624 EDA 2023, from his judgment of sentence, on the present briefing. In that appeal, as noted above, appellate counsel filed an **Anders** brief and petition to withdraw. In his **Anders** brief, appellate counsel raises the issues of whether the trial court lacked jurisdiction, whether Appellant's plea was not voluntary, knowing, and

intelligent, whether Appellant's sentence was illegal, whether the trial court erred in denying Appellant's motion to withdraw his plea, and whether Appellant's claims of ineffectiveness of counsel can constitute grounds for relief on direct appeal, and concludes that those issues are all frivolous. **Anders** Brief at 10-13. As discussed above, Appellant has not filed any response to counsel's petition to withdraw or **Anders** brief. The Commonwealth filed a brief in support of affirmance.

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. **Commonwealth v. Dempster**, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Commonwealth v. Tukhi**, 149 A.3d 881, 885-86 (Pa. Super. 2016); **Goodwin**, 928 A.2d at 290. An **Anders** brief must comply with all the following requirements:

> [T]he **Anders** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); **see also**

**Dempster**, 187 A.3d at 270. If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Dempster**, 187 A.3d at 271; **Commonwealth v. Zeigler**, 112 A.3d 656, 659-60 (Pa. Super. 2015).

Appellate counsel states in his petition to withdraw that he has reviewed the entire record and determined that there are no non-frivolous grounds for the appeal. Appellate counsel's June 26, 2023 letter to Appellant provided a copy of the **Anders** brief to Appellant and advised him of his right either to retain new counsel or to proceed *pro se* on appeal and to raise any points he deems worthy of this Court's attention. Appellate counsel's **Anders** brief provides a procedural and factual summary of the case and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel has thus complied with the procedural requirements for withdrawal as counsel.

We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous. This Court first considers the

issues raised by counsel in the **Anders** brief and determines whether they are in fact frivolous. **Dempster**, 187 A.3d at 272. In addition, if the Court finds all of those issues frivolous, this Court conducts a review of the record to ascertain if, on its face, there are other issues of arguable merit overlooked by counsel. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196-97 (Pa. Super. 2018) (*en banc*); **Dempster**, 187 A.3d at 271-72.

Where, as here, the defendant enters a guilty plea or *nolo contendere* plea under a plea agreement that provides for a negotiated sentence, his plea and sentence can be set aside only if the trial court lacked jurisdiction, the plea was not voluntary, knowing, and intelligent, or the sentence imposed was illegal. **Commonwealth v. Jabbie**, 200 A.3d 500, 505-07 (Pa. Super. 2018); **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008); **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003).

There is no basis here for Appellant's claim that the trial court, the Bucks County Court of Common Pleas, lacked jurisdiction to accept his plea and sentence him. At Appellant's plea hearing, the factual basis for the plea that was put on the record established that the events occurred in Middletown Township, Bucks County. N.T. Plea Hearing and Sentencing Hearing at 5. While Appellant contends that the crime to which he pled *nolo contendere* occurred in Philadelphia County, not Bucks County, Trial Court Opinion at 4; N.T., 2/8/23, at 6, 16, this contention, even if proven, would not negate the trial court's jurisdiction. Pennsylvania courts of common pleas have

jurisdiction over offenses under the Crimes Code committed anywhere in the Commonwealth of Pennsylvania, even where the crime is committed solely in another county. *Commonwealth v. Gross*, 101 A.3d 28, 32 (Pa. 2014); *Commonwealth v. Bethea*, 828 A.2d 1066, 1074-75 (Pa. 2003); *Commonwealth v. Caulk*, 220 A.3d 1102, 1111-12 (Pa. Super. 2019). The trial court therefore would still have had jurisdiction if the robbery of a motor vehicle occurred in Philadelphia and none of the events occurred in Bucks County.

Instead, Appellant's claim that the crime was committed in a different Pennsylvania county goes to the question of venue, not jurisdiction. *Gross*, 101 A.3d at 32-33; *Bethea*, 828 A.2d at 1074-75; *Caulk*, 220 A.3d at 1112. Challenges to venue, however, are waivable. *Caulk*, 220 A.3d at 1112; *Commonwealth v. Fremd*, 860 A.2d 515, 520-21 (Pa. Super. 2004). Accordingly, improper venue cannot constitute a valid basis for challenging Appellant's plea. *Commonwealth v. Barbaro*, 94 A.3d 389, 391 n.2 (Pa. Super. 2014).

Appellant's contention that his plea was not voluntary, knowing, and intelligent is without merit. To establish that a guilty plea or *nolo contendere* plea is voluntary, knowing, and intelligent, the trial court must conduct a colloquy that shows the factual basis for the plea and that the defendant understands the nature of the charges to which he is pleading guilty or *nolo contendere*, his right to a jury trial, the presumption of innocence, the

permissible sentencing range for the charges, and the court's power to reject the terms of a plea agreement. *Jabbie*, 200 A.3d at 506; *Commonwealth v. Hart*, 174 A.3d 660, 667 (Pa. Super. 2017); *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination. *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); *Morrison*, 878 A.2d at 108-09; Comment to Pa.R.Crim.P. 590.

Those requirements were fully satisfied here. The factual basis for the plea was placed on the record, the trial court explained the elements of the robbery of a motor vehicle charge to which Appellant was pleading *nolo contendere*, and Appellant confirmed that he understood the elements of that charge. N.T. Plea Hearing and Sentencing Hearing at 4-5. The trial court also explained to Appellant the nature of a *nolo contendere* plea and the maximum sentence for the charge to which he was pleading *nolo contendere*. *Id.* at 3-4. At the plea hearing and in the written colloquy that he signed, Appellant was advised of his right to a jury trial and the presumption of innocence, confirmed that he understood those rights and that he was giving them up in pleading *nolo contendere*, and confirmed that he understood that the trial court was not required to accept the plea agreement. *Id.* at 6-8; Written Plea Colloquy at 3-7. Appellant also confirmed that he wished to plead *nolo*

*contendere*, that he was not suffering from any condition that impaired his ability to make this decision, and that he was pleading *nolo contendere* of his own free will. N.T. Plea Hearing and Sentencing Hearing at 3-4, 6-7; Written Plea Colloquy at 2-3, 6.

Appellant claims that his plea was nonetheless not voluntary, knowing, and intelligent because he allegedly was not advised that his plea could cause him to serve additional prison time for a parole violation. N.T., 2/8/23, at 26-27. That argument fails because it is contradicted by the record. The record shows that Appellant was specifically advised and understood that if he was on probation or parole, his plea could result in an additional prison sentence that would be consecutive to his sentence in this case. Written Plea Colloquy at 7.

There is likewise no basis for any claim that Appellant's sentence was illegal. The offense to which Appellant pled *nolo contendere* was a first-degree felony for which a sentence of up to 20 years' imprisonment could be imposed. 18 Pa.C.S. § 3702(a); 18 Pa.C.S. § 1103(1). Appellant's negotiated sentence of 2 to 4 years' imprisonment and a concurrent 10-year period of probation was well under the maximum permissible sentence for that offense and was therefore a legal sentence.

Given the absence of grounds to set aside Appellant's plea, his claim that the trial court erred in denying his motion to withdraw his plea necessarily fails. Appellant was sentenced on December 5, 2022 and filed his motion to

withdraw his plea on December 15, 2022, ten days later. After he has been sentenced, a defendant can withdraw a guilty plea or *nolo contendere* plea only if he shows manifest injustice. *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019); *Jabbie*, 200 A.3d at 505; *Hart*, 174 A.3d at 664. To meet the burden of showing manifest injustice the defendant must demonstrate that his plea was entered involuntarily, unknowingly, or unintelligently. *Culsoir*, 209 A.3d at 437; *Commonwealth v. Lewis*, 708 A.2d 497, 503 (Pa. Super. 1998); *Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994). Accordingly, denial of a post-sentence motion to withdraw a plea is proper where the record shows that the defendant's plea was voluntary, knowing, intelligent. *Culsoir*, 209 A.3d at 437-49; *Jabbie*, 200 A.3d at 505-07; *Commonwealth v. Stork*, 737 A.2d 789, 790-92 (Pa. Super. 1999). Because, as discussed above, the record shows that Appellant's *nolo contendere* plea was voluntary, knowing, and intelligent, the trial court did not err in denying Appellant's motion to withdraw his plea.

Appellant's remaining claims are claims of ineffectiveness of trial counsel. A defendant who has pled guilty or *nolo contendere* may seek relief on the ground that ineffective assistance of counsel caused his plea to not be voluntary, knowing, and intelligent. *Commonwealth v. Mitchell*, 105 A.3d 1257, 1272 (Pa. 2014); *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019); *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). A claim of ineffective assistance of counsel, however, is

generally not cognizable on direct appeal and must be deferred to collateral review under the Post Conviction Review Act (PCRA), 42 Pa.C.S. §§ 9541-9546. *Commonwealth v. Holmes*, 79 A.3d 562, 563, 576 (Pa. 2013); *Commonwealth v. Hopkins*, 228 A.3d 577, 584 (Pa. Super. 2020). Only three exceptions have been recognized to the rule that ineffective assistance claims may not be brought in a direct appeal: (1) extraordinary cases where the trial court determines that that the claim of ineffective assistance of counsel is both meritorious and apparent from the record so that immediate consideration best serves the interests of justice; (2) where the defendant shows good cause and expressly waives his entitlement to seek PCRA relief; and (3) where the defendant is statutorily ineligible for PCRA relief, such as in cases where the defendant's only sentence is to pay a fine. *Commonwealth v. Delgros*, 183 A.3d 352, 360-61 (Pa. 2018); *Holmes*, 79 A.3d at 563-64, 577-80; *Hopkins*, 228 A.3d at 584.

None of these exceptions applies here. The trial court made no determination of the merits of any of the ineffective assistance of counsel claims or that immediate consideration of those claims served the interests of justice. To the contrary, the trial court concluded that whether trial counsel counsel was ineffective was not apparent from the record and that these claims should be deferred to PCRA review. Trial Court Opinion at 9-10. Appellant is statutorily eligible to seek PCRA relief and will remain eligible after this appeal is over, as his prison sentence will not expire until 2025 at the

earliest, *id.* at 9, and he will remain on probation for an additional six years after that. In addition, Appellant has not waived his right to seek PCRA relief. Appellant's claims of ineffectiveness of counsel must therefore be raised in a PCRA petition and cannot be considered on direct appeal. Accordingly, Appellant's ineffective assistance of counsel claims are frivolous as a claims in this direct appeal from his judgment of sentence.[4]

Based on the foregoing, we affirm the trial court's order denying Appellant's motion to represent himself and agree with appellate counsel that the issues raised by Appellant lack any arguable merit as issues on direct appeal from his judgment of sentence. In addition, we have reviewed the certified record and have discovered no additional issues of arguable merit on the face of the record. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Order of August 1, 2023 affirmed. Judgment of sentence affirmed. Petition to withdraw as counsel granted.

---

[4] Our ruling that Appellant's ineffective assistance of counsel claims are frivolous in this appeal is, of course, without prejudice to his right to seek relief on these claims in a timely PCRA petition.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/15/2024</u>